United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BURTON RICHTER, ET AL., <br> Plaintiffs, <br> v. <br> CC-PALO ALTO, INC., et al., <br> Defendants. | Case No. 14-cv-00750-EJD (VKD) <br><br> **ORDER RE JOINT DISCOVERY LETTER BRIEF** <br><br> Re: Dkt. No. 135 |

The parties in this action dispute whether defendants CC-Palo Alto, Inc. ("CC-PA") and CC-Development Group, Inc. ("CC-DG") (collectively, "Corporate Defendants") should be required to produce in discovery their corporate tax returns and certain documents related to their disputes with local and federal tax authorities. The parties jointly submitted a discovery letter brief on July 23, 2018. Dkt. No. 135.

For the reasons set forth below, the Court denies plaintiffs' request for an order compelling the production of the disputed tax-related documents from the Corporate Defendants.

According to the operative complaint, plaintiffs are residents of the Vi at Palo Alto, a residential retirement community owned by CC-PA. Dkt. No. 89, ¶ 1. CC-DG is CC-PA's corporate parent. *Id.*, ¶¶ 35-36. The Vi residents pay a one-time entrance fee, as well as recurring monthly fees, pursuant to a continuing care contract with CC-PA. *Id.*, ¶¶ 15, 24. The entrance fee is characterized as a "loan" to CC-Palo Alto. A portion of the entrance fee is to be repaid to the resident or the resident's estate when the contract ends. *Id.*, ¶ 15. The contract terminates when the resident leaves the Vi or when the resident passes away. *Id.*, ¶ 6.

Plaintiffs claim that they have collectively loaned defendants over $462 million in entrance

fees since the Vi's opening in 2005. Dkt. No. 89, ¶ 15. They say that, instead of safeguarding the fees in a reserve, CC-PA transferred over $216 million of the entrance fees to CC-DG, without obtaining any security or repayment promise. *Id.,* ¶¶ 21-22. As a result, plaintiffs claim that CC-PA is insolvent and will be financially incapable of honoring its debts to plaintiffs and others who reside or resided at the Vi. *Id.*, ¶ 21.

As relevant to this dispute, plaintiffs ask that the Corporate Defendants be required to produce three categories of documents:

(1) corporate tax returns (Dkt. No. 135, Exs. A, C (Request No. 80));

(2) all documents and communications involving CC-PA or CC-DG, on the one hand, and the County of Santa Clara's Tax Assessment Board, on the other hand, relating to the Vi, including documents relating to the matter *CC-Palo Alto, Inc. v. County of Santa Clara* et al., Civ. No. 12-cv-231685 (Santa Clara Superior Court) (*id.* (Requests Nos. 77-79)); and

(3) all documents and communications involving CC-PA or CC-DG, on the one hand, and the Internal Revenue Service, on the other hand, relating to the Vi, CC-PA, CC-DG or defendant Classic Residence Management Limited Partnership (*id.* (Requests Nos. 81-83)).

Plaintiffs contend that the tax returns and related documents they seek are relevant to the question of whether defendant CC-PA is insolvent, including whether it has improperly transferred funds to its parent company CC-DG. Dkt. No. 135 at 3. According to plaintiffs, CC-PA has represented that it treats the entrance fee repayments as "liabilities." *Id.* at 2.[1] It is not clear whether plaintiffs seek these tax-related documents because they suspect the Corporate Defendants have treated the entrance fee repayments as something other than liabilities for tax purposes, or whether they contend that the tax-related documents will reflect an improper transfer of funds from CC-PA to CC-DG, or both. *Id.* at 3.

The Corporate Defendants contend that the three categories of documents plaintiffs seek do

---

[1] In support of this statement, plaintiffs cite to discovery documents that are not before the Court. *Id.* at 3 n.7.

1 not bear on the question of CC-PA's solvency and so are not relevant to any claim or defense in

2 the case. *Id.* at 6. The Corporate Defendants further object that plaintiffs' requests are overbroad

3 and encompass documents protected from disclosure by the tax return privilege, the attorney-client

4 privilege and the attorney work product doctrine, although they have not identified any such

5 documents in a privilege log. *Id.*

6 Here, plaintiffs have the burden to show that the discovery they seek is both relevant to a

7 claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). They have

8 not made this showing. The Corporate Defendants represent that they have already produced CC-

9 PA's audited financial statements, which reflect CC-PA's assets and liabilities, including its tax

10 liabilities. *Id.* at 7. The say that the audited financials also show the financial accounting

11 treatment of the entrance fees paid by the Vi residents. *Id.* The Corporate Defendants further

12 represent that they have already produced detailed documents summarizing the transfers of funds

13 between CC-PA and CC-DG. *Id.* Plaintiffs do not dispute that they have these documents or that

14 the documents contain the information the Corporate Defendants say they do. Critically, plaintiffs

15 do not identify any information relevant to the issues of CC-PA's solvency or the alleged improper

16 transfer of funds to CC-DG that they believe may be found in the tax-related documents *and* that

17 has not already been provided in other documents produced by the Corporate Defendants. In

18 addition, to the extent plaintiffs contend that the information in the discovery they have received is

19 inaccurate or misleading, they have not made any showing to that effect in the joint submission.

20 Citing *Aliotti v. Vessel Senora*, 217 F.R.D. 496 (N.D. Cal. 2003), plaintiffs argue that they

21 have a compelling need for discovery of the Corporate Defendants' tax returns and related

22 documents because they have exhausted less intrusive means of obtaining the same documents.

23 But that argument is misplaced. At least for tax returns, the question is not whether plaintiffs have

24 exhausted less intrusive means for obtaining *the same documents*, but rather whether the

25 *information* that they say is contained in those documents is not otherwise available. *Aliotti*, 217

26 F.R.D. at 497-98. Because plaintiffs have not shown that there is any relevant information

27 contained in the Corporate Defendants' tax returns or related documents that plaintiffs do not

28 already have, plaintiffs have not shown a compelling need for the information contained in those

3

documents.

Given the Court's conclusion that plaintiffs have not made the requisite showing of relevance, the Court does not reach the question of whether plaintiffs' discovery requests are overbroad or impose an undue burden on the Corporate Defendants.  Likewise, the Court does not reach the question of whether or to what extent any responsive, tax-related documents would be protected from disclosure by the tax return privilege, the attorney-client privilege, and/or the attorney work product doctrine.

**IT IS SO ORDERED.**

Dated:  July 30, 2018

VIRGINIA K. DEMARCHI
United States Magistrate Judge