**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LINDA C. CORK, ET AL., | No. 19-15441 |
| Plaintiffs-Appellants, | D.C. No. 5:14-cv-00750 |
| v. | |
| CC-PALO ALTO, INC, ET AL., | MEMORANDUM[*] |
| Defendants-Appellees, | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted April 17, 2020
San Francisco, California

Before:  HAWKINS and PAEZ, Circuit Judges, and RESTANI,[**] Judge.

Plaintiff-Appellants ("Residents") live at the Vi at Palo Alto, a continuing care

retirement community ("CCRC") in Palo Alto, California. The Vi at Palo Alto ("Vi")

is operated by CC-Palo Alto, Inc. ("CC-PA") and has a parent company, CC-

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]  The Honorable Jane A. Restani, Judge for the United States Court of
International Trade, sitting by designation.

Development Group, Inc. ("CC-DG").  Residents brought various claims against CC-PA, CC-DG, and Classic Residence Management Limited Partnership (collectively, "Corporate Defendants") and members of CC-PA's board of directors (collectively, "Director Defendants").[1] At base, Residents' claims stem from an alleged violation of their contractual and statutory rights caused by CC-PA's failure to maintain a refund reserve of entrance fees paid by Residents, a portion of which CC-PA is eventually required to return. The District Court dismissed Residents' first ten claims, finding that they had failed to show sufficient injury to establish Article III standing. The District Court subsequently granted summary judgment for Defendants on the remaining derivative and fraudulent transfer claims. Residents appeal both decisions. We affirm the District Court's summary judgment decision on the derivative claims and vacate and remand for further proceedings on the remaining claims.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a dismissal without leave to amend de novo. *See, e.g.*, *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1118 (9th Cir. 2013). Similarly, a District Court's rulings regarding standing and summary judgment are reviewed de novo. *See La*

---

[1] The California Advocates for Nursing Home Reform and California Continuing Care Residents Association, Inc.'s motion for leave to file as amici curiae (Dkt. No. 18) is granted.

*Asociación de Trabajadores de Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1087 (9th Cir. 2010).

We begin with Article III standing, which requires injury in fact. Residents assert that CC-PA's purported noncompliance with the refund reserve requirements in Cal. Health & Safety Code §§ 1792.6 and 1793 is sufficiently "concrete, actual, and imminent." The District Court misconstrued the alleged harm and found that Residents "have not alleged any distinct injury." Where, as here, the asserted harm is based on a statutory violation, we evaluate the plaintiff's injury by considering: "(1) whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). As to (1), the statutes at issue were intended as a bulwark against the potential abuse of the particularly vulnerable residents in CCRCs, who "expend a significant portion of their savings" to live in such communities. *See* Cal. Health & Safety Code § 1770(b) (discussing the need to protect against the "tragic consequences" of abuse of elderly residents). The reserve requirement helps to ensure the financial security of those living in CCRCs, by mandating that certain portions of refundable entrance fees be maintained in trust. *See id.* § 1792.6(a).

As to (2), the statutory violation of failing to maintain a refund reserve harms Residents by putting them in the distressing position of choosing between vacating the Vi and potentially risking non-repayment, or continuing to live at the Vi in a state of perceived financial insecurity. *See Robins*, 867 F.3d at 1117 (noting that "anxiety, stress, concern, and/or worry about [plaintiff's] diminished employment prospects" was sufficient harm to establish a concrete injury). Residents have a concrete interest in their contracted-for financial security. *See Spokeo*, 136 S. Ct. 1550, 1544, 1549 (2016) ("[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact" and "a plaintiff need not allege any *additional* harm beyond" that which the legislature identified.).[2]

Further, contrary to the District Court, we conclude that the relevant statute clearly affords Residents a private right of action in circumstances that may exist in this case.[3] *See* Cal. Health & Safety Code § 1793.5. Although some subsections of Section 1793.5 discuss criminal liability alone—*see id.* §§ 1793.5(a)–(c), (e)–(f)— subsection (d) additionally mentions civil liability and authorizes recovery in a "civil

---

[2] The Supreme Court's recent decision in *Thole v. U. S. Bank N.A.*, ___ S.Ct. ___, 2020 WL 2814294 (June 1, 2020) does not alter the analysis required by *Spokeo* in a case such as this.

[3] Because we conclude that a private right of action exists under the plain language of the statute, at least in certain situations, we do not turn to the legislative history. Accordingly, we deny Residents' Motion to take Judicial Notice (Dkt. No. 15) as unnecessary.

action brought by or on behalf of [a] resident." *Id.* § 1793.5(d); *see also Lu v. Hawaiian Gardens Casino, Inc.*, 50 Cal. 4th 592, 596 (2010) (noting that language describing "a remedy or means of enforcing," a statute is strongly indicative of an intent to create a private right of action). Under a liberal reading of the statute, required by Section 1775(e), at least insofar as such a reading "protect[s] persons attempting to obtain or receiving continuing care," a resident need only show that an entity has abandoned its obligation under a continuing care contract. *Id.* § 1775(e).

Thus, Residents' ability to sue here depends on whether Appellees' conduct amounts to abandonment of CC-PA's obligations under its contract with Residents pursuant to Section 1793.5(d). This assessment turns, in part, on whether the contracts are "refundable," as defined in Section1771(r)(2), as the District Court ruled.[4] Nonetheless, the District Court dismissed the first ten counts of the Complaint.  This occurred prior to the issuance of certain letters about the Vi from the California Department of Social Services ("DSS"), the agency charged with overseeing such facilities. We decline to decide in the first instance whether the DSS opinion letter, which was issued after the District Court granted the motion to

---

[4] As was discussed in the District Court, Residents have proffered some evidence suggesting that CC-PA advertised the contracts as refundable and subject to reserve requirements. A contract that would otherwise be classified as repayable will be classified as refundable if the applicant or provider refers to the repayment as a refund. *See* Cal. Health & Safety Code § 1771(r)(3).

dismiss, is correct.  On remand, the District Court may revisit this issue in the light of the DSS opinion.

As to Residents' derivative claims, the District Court was correct in granting summary judgment in favor of Defendants. Residents' derivative claims are based on the theory that CC-PA was insolvent as a matter of law, thus allowing them standing to sue as creditors. The District Court excluded Residents' expert reports as inadmissible, finding that the reports failed to demonstrate that CC-PA was insolvent or show that insolvency was a disputed fact under any valid insolvency analysis. The District Court reasonably found that CC-PA was a going concern, that a discounted cash flow analysis was the appropriate way to determine solvency in this case, and that the Residents' experts failed to conduct such an analysis or any other appropriate analysis. Accordingly, the District Court did not abuse its discretion in excluding Residents' expert testimony.

Finally, although the failure to demonstrate insolvency is fatal to Residents' fraudulent transfer claim insofar as it is based on constructive fraud, the District Court erred in dismissing this claim insofar as it is based on actual fraud, which the District Court noted does not require a showing of insolvency. *Compare* Cal. Civ. Code § 3439.04(a) (actual) *with id.* § 3439.05 (constructive) *and* Del. Code Ann. tit. 6, § 1304(a) (actual) *with id.*, § 1305 (constructive). It is undisputed that CC-PA has previously required financial infusions from CC-DG in order to satisfy debts and

that CC-DG has also disclaimed a duty to repay outgoing Vi residents their owed refunds. Residents are not in privity with CC-DG, but with CC-PA. Residents are prejudiced by the transfer of funds to an entity beyond their reach and the resulting insecurity that they may not be repaid when owed. *See Mehrtash v. Mehrtash*, 112 Cal. Rptr. 2d 802, 805 (Cal. Ct. App. 2001) ("It cannot be said that a creditor has been injured unless the transfer puts beyond her reach property she otherwise would be able to subject to the payment of her debt.") (citations omitted and alterations accepted). Although Residents may not be able to demonstrate monetary loss at this juncture, they may still be entitled to an order limiting future transfers or other equitable relief. *See* Cal. Civ. Code § 3439.07; Del. Code Ann. tit. 6, § 1307; *see also* Cal. Civ. Code § 3439.01(b) (noting that a claim "means a right to payment, whether or not the right is . . . .fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured"); Del. Code Ann. tit. 6, § 1301(3) (same). We express no opinion as to the merits of Residents' actual fraud claim, but simply hold that it was error to dismiss this claim at summary judgment on the basis that Residents failed to demonstrate harm.

For the reasons stated above, we vacate the order dismissing Residents' first ten claims and remand to the District Court for further proceedings. The District Court's decision granting summary judgment on Residents' derivative claims is

affirmed and its decision regarding Residents' fraudulent transfer claim based on actual fraud is vacated and remanded for further proceedings.

**AFFIRMED in part, and VACATED and REMANDED in part for further proceedings.** The parties shall bear their own costs on appeal.

## United States Court of Appeals for the Ninth Circuit

### Office of the Clerk
95 Seventh Street
San Francisco, CA 94103

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36.  Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise.  To file a motion to stay the mandate, file it electronically via the appellate ECF system or, if you are a pro se litigant or an attorney with an exemption from using appellate ECF, file one original motion on paper.

**Petition for Panel Rehearing  (Fed. R. App. P. 40; 9th Cir. R. 40-1)**
**Petition for Rehearing En Banc (Fed. R. App. P. 35; 9th Cir. R. 35-1 to -3)**

**(1)    A.    Purpose (Panel Rehearing):**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ▶ A material point of fact or law was overlooked in the decision;
  - ▶ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ▶ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B.    Purpose (Rehearing En Banc)**
- A party should seek en banc rehearing only if one or more of the following grounds exist:

- ▶ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
- ▶ The proceeding involves a question of exceptional importance; or
- ▶ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2)   Deadlines for Filing:**
- A petition for rehearing may be filed within 14 days after entry of judgment.  Fed. R. App. P. 40(a)(1).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(a)(1).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- *See* Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication.  9th Cir. R. 40-2.

**(3)   Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist.  The points to be raised must be stated clearly.

**(4)   Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms.*
- You may file a petition electronically via the appellate ECF system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

## Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms.*

## Attorneys Fees
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-7806.

## Petition for a Writ of Certiorari
- Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov

## Counsel Listing in Published Opinions
- Please check counsel listing on the attached decision.
- If there are any errors in a published <u>opinion</u>, please send a letter **in writing within 10 days** to:
  - ► Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Jean Green, Senior Publications Coordinator);
  - ► and electronically file a copy of the letter via the appellate ECF system by using "File Correspondence to Court," or if you are an attorney exempted from using the appellate ECF system, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 10. Bill of Costs

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to (*party name(s)*):

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**          **Date**

*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd , and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** *Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*