ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
SARVENAZ J. FAHIMI (SBN 226148)
sfahimi@cpmlegal.com
KEVIN J. BOUTIN (SBN 334965)
kboutin@cpmlegal.com
VEENA BHATIA (SBN 339939)
vbhatia@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, CA 94010
Telephone: (650) 697-6000

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LINDA COLLINS CORK**, an individual; **THOMAS MERIGAN**, an individual; and **JANICE R. ANDERSON**, an individual; on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>            v.<br><br>**CC-PALO ALTO, INC.**, a Delaware corporation; **CLASSIC RESIDENCE MANAGEMENT LIMITED PARTNERSHIP**, an Illinois limited partnership; and **CC-DEVELOPMENT GROUP, INC.**, a Delaware corporation<br><br>                    Defendants. | CASE NO. 5:14-cv-00750-EJD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:          November 17, 2022<br>Time:          9:00 a.m.<br>Courtroom:  4, 5th Floor<br>Judge:         The Honorable Edward J. Davila |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 17, 2022 at 9:00 a.m., in connection with a hearing on final approval of the settlement, in Courtroom 4 of the United States District Court for the Northern District of California, Robert F. Peckham Federal Building & United States Courthouse, 280 South 1st Street, San Jose, 95113, the Honorable Edward J. Davila presiding, Plaintiffs Linda Collins Cork, Thomas Merigan, and Janice R. Anderson (collectively, "Plaintiffs") will and hereby do move for an award of attorneys' fees and costs in the amount of $1,000,000 to supplement the reduced hourly fees paid to date.

The motion should be granted because:

(a)     The requested attorneys' fees are fair and reasonable in light of Class Counsel's extensive and longstanding efforts to reach a settlement;

(b)     The requested fees comport with Ninth Circuit case law;

(c)     CPM's rates have been approved as reasonable in this District; and

(d)     The expenses sought were reasonably and necessarily incurred in connection with the prosecution of this Action.

This motion is based upon this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities set forth below; the accompanying declaration of Anne Marie Murphy with attached exhibits; any papers filed in reply; oral argument as the Court will permit; the complete files, records, and pleadings in this Action; and other such matters and argument as the Court may consider at the hearing of this motion.

Dated: July 12, 2022                              **COTCHETT, PITRE & McCARTHY, LLP**

By:     */s/ Anne Marie Murphy*
ANNE MARIE MURPHY
*Attorney for Plaintiffs and Settlement Class Members*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; Case No. 5:14-cv-00750-EJD**                              1

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ..................................................................................................1

II.  FACTUAL BACKGROUND ................................................................................3

III. PROCEDURAL BACKGROUND ........................................................................3

IV.  DESCRIPTION OF WORK DONE IN CONNECTION WITH THE VI AT PALO ALTO
     SETTLEMENT AND COSTS INCURRED BY COUNSEL ...................................5

  A. LEGAL RESEARCH AND FACTUAL INVESTIGATION ...........................................6

  B. DISCOVERY ........................................................................................................7

  C. EXPERTS .............................................................................................................8

  D. ANALYSIS & STRATEGY .....................................................................................8

  E. CORRESPONDENCE .............................................................................................8

  F. LAW & MOTION ..................................................................................................8

  G. CASE MANAGEMENT ..........................................................................................9

  H. HEARINGS & COURT APPEARANCES ...................................................................9

  I. SETTLEMENT .......................................................................................................9

  J. SUMMARY OF COSTS ........................................................................................10

V.   FEE AND COST REQUEST ..............................................................................11

VI.  LEGAL STANDARDS .......................................................................................11

VII. ARGUMENT ......................................................................................................13

  A. CLASS COUNSEL ARE ENTITLED TO RECOVERY OF ATTORNEYS' FEES AND
     COSTS ...............................................................................................................13

  B. THIS COURT SHOULD GRANT THE FEE AND COST REQUEST BECAUSE IT IS
     REASONABLE ....................................................................................................14

    1. Class Counsel Achieved Exceptional Results for the Class ..................................14

    2. Complexity of the Case and Risks of Litigation ..................................................14

    3. Performance, Special Skill, and Experience of Counsel ......................................16

    4. The Nature and Length of the Professional Relationship with the Client .............17

    5. CPM's Rates Have Been Approved As Reasonable in this District .....................18

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;                    i
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

C.  THIS COURT SHOULD GRANT THE COST REQUEST BECAUSE IT IS
    REASONABLE ........................................................................................................18

**VIII.    CONCLUSION**..............................................................................................................19

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**          ii
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Apple Inc. Device Performance Litig.*,
No. 5:18-MD-02827-EJD, 2021 WL 1022866 (N.D. Cal. Mar. 17, 2021) ............................ 16, 18

*In re: AXA Wage and Hour Litigation*
(N.D. Cal., Case No. C-06-4291 JSW) ..................................................................................... 17

*Babchick v. Wash. Metro Area Transit Comm'n*,
805 F.2d 396 (D.C. Cir. 1986) ................................................................................................. 15

*In re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*
(N.D. Cal., Case No. M:05-CV-01699-CRB, MDL 1699) ....................................................... 16

*Chalmers v. Los Angeles*,
796 F.2d 1205 (9th Cir. 1985) ................................................................................................. 12

*Fischel v. Equitable Life Assurance Soc'y*,
307 F.3d 997 (9th Cir. 2002) ................................................................................................... 11

*In re Gen. Motors Corp.*,
55 F.3d at 821 .......................................................................................................................... 11

*Gerwen v. Guarantee Mutual Life Co.*,
214 F.3d 1041 (9th Cir. 2000) ................................................................................................. 12

*Gonzalez v. City of Maywood*,
729 F.3d 1196 (9th Cir. 2013) ......................................................................................... 5, 12, 16

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ................................................................................................................. 12

*In re: Household Litigation*
(N.D. Cal., Case No. C-02-1240 CW) ...................................................................................... 17

*In re: Ocwen Federal Bank FSB Mortgage Servicing Litigation*
(N.D. Ill., MDL No. 1604) ....................................................................................................... 16

*In re Pac. Enter. Sec. Litig.*,
47 F.3d 373 (9th Cir. 1995) ..................................................................................................... 15

*Pasternack v. McCullough*,
65 Cal. App. 5th 1050, 1055 (2021), *reh'g denied* (June 25, 2021), *review denied*
(Sept. 15, 2021) ....................................................................................................................... 12

*Pennington et al. v. Tetra Tech et al.*
(N.D. Cal. Case No. 3:18-cv-05330-JD) ................................................................................. 16

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

iii

*In Re: Robinhood Outage Litigation*
   (N.D. Cal. Master File No. 3:20-cv-01626-JD) ........................................................ 16

*Six (6) Mexican Workers v. Ariz. Citrus Growers*,
   904 F.2d 1301 (9th Cir. 1990) ............................................................................ 18

*Staton v. Boeing Co.*,
   327 F.3d 938 (9th Cir. 2003) .............................................................................. 11

*In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and
   Products Liability Litigation*
   (C.D. Cal., Case No. 8:10MD2151 JVS (FMOx), MDL 2151) .......................... 16

*In re Twitter Inc. Sec. Litig.*,
   326 F.R.D. 619 (N.D. Cal. 2018) ......................................................................... 17

*Vizcaino v. Microsoft Corp.*,
   290 F.3d 1043 (9th Cir. 2002) ...................................................................... 15, 18

*In re: Wachovia Wage and Hour Litigation*
   (C.D. Cal., MDL No. 07-1807 DOC) ................................................................... 17

*Welch v. Metro. Life Ins. Co.*,
   480 F.3d 942 (9th Cir. 2007) .............................................................................. 12

**Statutes**

28 United States Code

   § 1920 ..................................................................................................................... 19

California Welfare & Institutions Code

   § 15610.30 .............................................................................................................. 13

   § 15657.5(a) ........................................................................................................... 13

Health & Safety Code

   § 1771 ....................................................................................................................... 7

   § 1792.6 .................................................................................................................... 7

   § 1793 ....................................................................................................................... 7

**Other Authorities**

Federal Rule of Civil Procedure

   12(b)(6) .................................................................................................................... 4

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
Case No. 5:14-cv-00750-EJD

iv

23(g)(1)(A)(i)-(iv)...................................................................................................................17

23(h)............................................................................................................................11, 13

54(d)(1).........................................................................................................................19

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs and appointed Class Representatives, Linda Collins Cork, Thomas Merigan, and Janice R. Anderson (collectively, "Plaintiffs") respectfully submit this memorandum of points and authorities in support of their application for attorneys' fees and costs in relation to Plaintiffs' Motion for Preliminary Approval of Settlement[1] (ECF 331) and the Court's Order Granting Preliminary Approval of Class Action Settlement (ECF 341).

## I.    INTRODUCTION

The Settlement Agreement between Plaintiffs and Defendants, CC-Palo Alto, Inc. ("CC-PA"), Classic Residence Management Limited Partnership ("CRMLP"), and CC-Development Group, Inc. ("CC-DG") (collectively "Defendants") provides that CC-Palo Alto agrees to pay Plaintiffs' counsel, Cotchett, Pitre & McCarthy LLP, $1,000,000, on account of legal fees and costs incurred in the litigation. ECF 331 at 12:2-6; ECF 331, Murphy Decl., Ex. A (Settlement Agreement) ¶ 4.1. The amount of attorneys' fees and costs was directly negotiated during the party-to-party discussions. ECF 331 at 12:11-12.

Per the Settlement Agreement, neither Plaintiffs nor Plaintiffs' counsel will attempt to recover any additional attorneys' fees or costs from Defendants beyond the payment agreed to in the Settlement Agreement. *Id.* at 12:6-8. Accordingly, each of the parties shall otherwise bear and pay their own costs, including attorneys' fees, related to the Lawsuit and the Settlement Agreement.

By this motion, Class Counsel asks the Court to award attorneys' fees and costs in the amount of $1,000,000, which will be paid directly by CC-Palo Alto and will not diminish the settlement benefit to the class. The request is reasonable given both that this is a class action settlement, the Class Restricted Cash Account if funded as of January 1, 2022 would be an estimated **$23,623,040** (*See* ECF 331 at Muszynski Decl. ¶ 7), and given the fact that one of the remaining claims, under California's Welfare & Institutions Code provides for statutory fees, discussed *infra* at Section VII, subsection A. This request is reasonable considering all of the circumstances of the case.

---

[1] Nothing in this Motion should be viewed as an admission by Defendants as Defendants contest the allegations in Plaintiffs' Complaint.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

1  On a case nobody expected to last ten years, Class Counsel handled this lawsuit on a shoestring

2  budget. CPM's lodestar from this decade-long case is over $4 million, however to date CPM has been

3  paid fees in the amount of **$757,308.51**. *See* Declaration of Anne Marie Murphy ("Murphy Decl."),

4  ¶ 13, and **<u>Exhibit 1</u>**. We are informed that the Litigation Committee has just under $45,000

5  remaining that it intends to pay CPM, so for purposes of this Fee Application we use a fee payment

6  amount of **$802,308.51**. *Id.* This is less than a quarter of our lodestar. *Id.* When the **$802,308.51** paid

7  (/to be paid) by the residents for fees is added to the $1 million to be paid directly by Defendants,

8  CPM will receive total payment for combined fees and costs of **approximately $1,802,308.51**, still

9  less than 50% of the lodestar. *Id.* ¶ 14. CPM has agreed to accept this as ***payment in full*** for work on

10  the case. *Id.*

11  CPM has devoted 8546.8 hours of work in this litigation. Murphy Decl. at **<u>Exhibit 1</u>**. **CPM's**

12  **Lodestar** for its time **using standard hourly rates is $4,223,655**. Murphy Decl., Exhibit 1. The fee

13  and cost request represents 42.7% of the lodestar ($1,802,308.51 / $4,223,655). Further, since

14  inception of the case, CPM has spent $20,533.90 on taxable expenses and $354,225.95 on non-

15  taxable expenses ($374,474.90 total). Murphy Decl., **<u>Exhibit 2</u>**. Of the total costs CPM has incurred

16  of $374,474.90, Plaintiffs have paid $366,704.60. CPM has not billed Plaintiffs since November of

17  2022, and there remains $7,770.30 of costs outstanding. Murphy Decl. ¶ 16. CPM requests payment

18  of combined fees and costs in the amount of $1,000,000, for a total payment to the firm of

19  $1,802,308.51. This result is reasonable for reasons outlined below, including *inter alia,* that CPM

20  made a number of concessions over the years, going beyond the reduced fee agreement, including

21  steep reductions on monthly payments and suspending bills from February 2019 through May 2020

22  (during the appeal) and also when it appeared (more recently) that the case would settle. Murphy

23  Decl. ¶ 15. Ultimately, since Plaintiffs' Fee and Cost Request represents merely a fraction of the

24  lodestar it is reasonable. If this were a common fund request, CPM would likely receive more and a

25  multiplier above the lodestar would be justified given the length of the litigation and complexity of

26  the issues, which included many issues of first impression.

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**    **2**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

1       For these reasons, and for reasons delineated herein, Class Counsel respectfully asks this

2  Court to enter an order awarding Plaintiffs' Fee and Cost request.

## II.   FACTUAL BACKGROUND[2]

4       After a decade the Court is very familiar with the factual and legal arguments in the case so

5  Plaintiffs will not recite them again in detail. Very generally, residents of the Vi at Palo Alto, a

6  Continuing Care Retirement Community ("CCRC") operated by CC-PA, are senior citizens who

7  carefully planned and saved for retirement. ECF 279 (Third Amended Complaint ("TAC")) ¶ 2.

8  CCRCs are a specialized type of retirement community in that they offer a continuum of care as

9  residents age, with residents initially living independently in apartments and moving to higher levels

10  of care over time, as their needs require. *Id.* ¶ 5. Plaintiffs allege that, to secure housing, levels of

11  care, and a package of services for the rest of their lives, Settlement Class Members deposited much

12  of their life savings with CC-PA in the form of a refundable "Entrance Fee" that ranged from

13  hundreds of thousands to millions of dollars. *Id.* ¶¶ 7, 120, 199.

14       Plaintiffs contended in the litigation that the CCRC Law requires a provider offering a

15  "refundable" contract to maintain a refund reserve in trust for the residents to act as security for their

16  repayment liability. *Id.* §§ 1771(r)(2), 1792.6; ECF 279 at 13:27-28 – 14:1-5. Plaintiffs contended

17  that the required refund reserve was not maintained. *Id.*

## III.   PROCEDURAL BACKGROUND

19       Plaintiffs filed this lawsuit in February 2014 after an unsuccessful mediation. ECF 1. The

20  Court granted Defendants' motion to dismiss on the ground that Plaintiffs did not have Article III

21  standing. ECF 55. Plaintiffs filed a First Amended Complaint (ECF 56), and Defendants moved to

22  dismiss (ECF 65). In its order on the motion to dismiss, the Court rejected Defendants' argument that

23  Plaintiffs' residency contracts were not "refundable contracts" under Section 1771. ECF 88 at 17-18.

24  But the Court went on to dismiss several claims for lack of standing, and dismissed several others

25  under Federal Rule of Procedure 12(b)(6). *Id.* at 34-35. Plaintiffs filed a Second Amended Complaint

26  (ECF 89) and Defendants moved to strike claims the Court previously dismissed (ECF 96) and

---

[2] Per the Settlement Agreement, Defendants do not admit liability. ECF 331 at Exh. A, ¶ 1.3. The allegations recited below are taken from the Third Amended Complaint [ECF 279].

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD**

3

moved to dismiss newly added claims (ECF 93). The Court granted the motion to strike and denied the motion to dismiss the remaining claims, except for part of Plaintiffs' claim for breach of fiduciary duties. ECF 105. The Court thereafter granted summary judgment in favor of Defendants on the remaining claims. ECF 236–37.

Plaintiffs appealed and the Ninth Circuit vacated the order dismissing Plaintiffs' claims based on standing grounds (ECF 88) and reversed the District Court's order granting summary judgment for Defendants on Plaintiffs' cause of action for fraudulent transfer alleging actual fraud (ECF 236), and remanded for further proceedings. ECF 267; *Cork*, 818 F. App'x at 595 (9th Cir. 2020). The Ninth Circuit affirmed other portions of the District Court's decisions. *Id.*

Following remand, Plaintiffs filed their TAC on November 13, 2020. ECF 279. Defendants moved to dismiss all but the fraudulent transfer of assets claim. ECF 282, 283. On April 21, 2021, the Court granted in part and denied in part Defendants' motions to dismiss the TAC, denying the motion to dismiss as to claims for elder abuse, declaratory relief, and violations of the UCL—leaving those three claims and the fraudulent transfer of assets claim. ECF 299.

Plaintiffs sought certification of the four remaining claims for relief, all relating to CC-PA's failure to maintain an adequate refund reserve. ECF 306. The Court certified the Class on August 3, 2021 for all four claims and appointed Cotchett, Pitre & McCarthy as Class Counsel. *See* ECF 321 (Order Granting Motion for Class Certification).[3]

Plaintiffs filed a Motion for Preliminary Approval of Settlement on March 10, 2022 (ECF 331), which Defendants supported with multiple declarations, including declarations from Hilary Weddell, John Koselak, and Tom Muszynski (ECF 331-4, 331-5, 331-6). The Court granted preliminary approval of class action settlement and approval of the form and content of the class notice on April 16, 2022. ECF 341. As of the date of this motion for attorneys' fees and costs, Class Counsel has not received notice of opt-outs or objections from any Settlement Class Member. Class Counsel, representatives of the Litigation Committee, defense counsel and representatives of the

---

[3] The Court also explained in its Order that it had "already ruled as a matter of law that the Residency Contracts are 'refundable' within the meaning of Section 1771(r)(2), and therefore subject to the refund reserve requirements of Section 1792.6." *Id.*

LAW OFFICES
Cotchett, Pitre &
McCarthy, LLP

corporate defendants went above and beyond typical class notice and hosted a community meeting on May 23, 2022 to provide information and answer questions. Murphy Decl. ¶ 11.

## IV.   DESCRIPTION OF WORK DONE IN CONNECTION WITH THE VI AT PALO ALTO SETTLEMENT AND COSTS INCURRED BY COUNSEL

CPM began investigating this case in July of 2012, and filed the case on February 19, 2014 in the United States District Court for the Northern District of California, only after pre-filing mediation was unsuccessful. *See* Murphy Decl. ¶ 9.

The proposed Settlement Agreement is the product of vigorous, adversarial, and competent representation of the parties and substantive negotiations over the course of nearly ten years. Murphy Decl. ¶ 11. In preparation for filing this Motion, CPM personnel analyzed our detailed time records from inception through June 30, 2022, the month ending prior to the deadline to file Plaintiffs' motion for attorneys' fees and costs.[4] *Id.* at ¶ 12. CPM personnel had spent 8,546.8 hours working on the case as of June 30, 2022.[5] Attached as **Exhibit 1** to the Murphy Declaration is a chart that lists all CPM employees who billed on this case. The chart includes the number of hours spent on different categories of activities related to the action by each biller, together with hourly billing rate information (i.e., the lodestar). Murphy Decl. ¶ 12. To illustrate the work done on this case, we reviewed the time records and classified entries into nine different work descriptions, such as discovery, experts etc. *Id.*

**CPM's Lodestar** for its time **using standard hourly rates is $4,223,655**. Murphy Decl. ¶ 13; Exhibit 1. This has been an atypical case. Murphy Decl. ¶ 13. When CPM took the case, it was with a recognition that some of the claims would include statutory fees, and that the case would be pled as a putative class action. *Id.* CPM has always been guided by the fact that this is a case for senior citizens and CPM was committed to keeping resident bills to a minimal amount. *Id.* The need to do so was

---

[4] CPM anticipates spending 100 hours of additional time up to final approval of this settlement. Murphy Decl. ¶ 17.

[5] Additionally, it is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). CPM spent numerous hours reviewing and analyzing time records for the past ten years, drafting the fee motion, and preparing the supporting documents and exhibits. Murphy Decl. ¶ 12.

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD

5

compounded by the length of the case and unexpected developments. *Id.* For example, the case was originally pled as a putative class action but changed course to become a creditor derivative case, before going up on appeal and returning as a putative (then certified) class action. *Id.* The original fee arrangement was that CPM would bill at 50% of standard rates; however, there have been a number of additional concessions. *Id.* To date we have been paid fees in the amount of **$757,308.51**.[6] *Id.* This is less than a quarter of our lodestar. *Id.*

When the **$802,308.51** paid (/to be paid) by the residents is added to the $1 million to be paid directly by Defendants, CPM will receive total payment of **approximately $1,802,308.51**, still less than 50% of the lodestar. Murphy Decl. ¶ 14. CPM has agreed to accept this as payment in full for work on the case, which is to the benefit of the residents. *Id.*

As further background, to keep the burden on residents to a minimum, CPM made a number of concessions over the years, going beyond the original reduced fee agreement, including steep reductions on monthly payments and suspending bills from February 2019 through May 2020 (during the appeal) and also when it appeared (more recently) that the case would settle. Murphy Decl. ¶ 15. Along the way CPM took other steps to keep bills low. *Id.* CPM regularly wrote off significant portions of the bills to keep the burden on residents as light as possible. *Id.* In short, CPM took on significant risk that it would not be fully compensated. *Id.*

CPM has not billed Plaintiffs since November of 2022, and there remains $7,770.30 of costs outstanding. Murphy Decl. ¶ 16. A fee and cost request, based on the $1 million that Defendants agreed to pay CPM directly is reasonable (this payment will not impact the benefit to the Class). *Id.*

CPM has committed substantial resources to this litigation, as described in detail below. *See* Murphy Decl. ¶ 10; Exhibits 1; 2.

## A.  LEGAL RESEARCH AND FACTUAL INVESTIGATION

There have been very few cases involving CCRCs or California's CCRC laws, meaning that additional efforts were required in this case. Murphy Decl. ¶ 18. As of June 30, 2022, Class Counsel spent approximately 1,556.8 hours ($589,202.50 of the lodestar) on legal research and factual

---

[6] CPM is informed that the Litigation Committee has approximately $45,000 that it intends to pay CPM, so for purposes of this Fee Application we use a payment amount of **$802,308.51**.

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

6

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

investigation. *Id.* Class Counsel investigated the underlying facts that constituted the basis for their claims, and conducted the necessary legal research to determine what causes of action were potentially viable on behalf of the Plaintiffs who filed suit and the residents of Vi-Palo Alto. *Id.* As part of these efforts, Class Counsel conducted in-depth research on Health & Safety Code sections 1793, 1792.6, and 1771, which included legislative analysis. *Id.* Class Counsel interviewed potential class representatives and also assisted with several large-scale community meetings at the Vi-Palo Alto to keep the potential class members informed of the status of the case and in order to answer questions. *Id.*

Throughout the litigation, CPM has conducted legal research on a variety of matters including Delaware law relating to corporate governance; issues relating to Article III Constitutional standing; derivative claims and procedures relating thereto; fiduciary duties; appellate matters; corporate solvency methodologies; viability of claims remaining after the Ninth Circuit's disposition on appeal; class certification requirements given the unique relief at issue in this case; and rules and guidance governing class action settlements. Murphy Decl. ¶ 19.

## B. DISCOVERY

CPM spent 2,224.7 hours ($937,085 of the lodestar) on discovery-related work as of June 30, 2022, including depositions and deposition preparation, document production, document review, and drafting discovery responses. Murphy Decl. ¶ 20.

The parties undertook fact discovery, expert discovery, and class-certification discovery. Murphy Decl. ¶ 21. During discovery, Plaintiffs' counsel reviewed the nearly 40,000 pages of documents produced by Defendants; deposed 6 percipient fact witnesses, 8 corporate designees, and 5 experts; and produced reports from multiple experts. *Id.* Over the course of this litigation, Plaintiffs have propounded, and Defendants have responded to, a total of 607 discovery requests. *Id.* Defendants have propounded, and Plaintiffs have responded to, a total of 737 discovery requests. *Id.* To get a good sense of the case, Plaintiffs dedicated considerable amount of time preparing for and deposing the following people associated with Defendants: Bill Sciortino, Tom Muszunski (CC-PA's "person most knowledgeable"), Gary Smith, John Kevin Poorman, Manuel Villarreal, Penny Pritzker,

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;** 7
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

Randal Richardson and Stephanie Fields. *Id.* Over the course of this litigation, Class Counsel defended Defendants' depositions of each named Plaintiff, including Burton Richter, Georgia L. May, Janice R. Anderson, Linda Collins Cork, and Thomas Merigan. *Id.*

**C. EXPERTS**

CPM spent 266.8 hours ($153,402.50 of the lodestar) with regard to expert witnesses and consultants as of June 30, 2022. Murphy Decl. ¶ 22. This time was spent communicating with experts and analyzing expert reports to support Plaintiffs' claims. *Id.* This time was also spent defending Defendants' depositions of Plaintiffs' experts Brad Paulis, Terry Lloyd, and Vanessa Hill. Class Counsel also deposed Defendants' experts Brian Calvert and Clifford Wright. *Id.*

**D. ANALYSIS & STRATEGY**

CPM spent 355.4 hours ($219,440 of the lodestar) with regard to case strategy and analysis as of June 30, 2022. Murphy Decl. ¶ 23. This time was spent communicating with clients regarding viability of mediation, settlement, amended complaints, strategy given status of appeal, and class certification. *Id.* In addition, CPM spent numerous hours preparing for trial prior to appeal to the Ninth Circuit. *Id.* This work involved preparing a joint trial statement, preparing for pretrial conference, deposition designations, and communicating with Vi-Palo Alto's Litigation Committee. *Id.*

**E. CORRESPONDENCE**

Over the ten years' the case was pending, CPM spent 184 hours ($104,805 of the lodestar) with regard to correspondence. Murphy Decl. ¶ 24. This time was spent reviewing detailed correspondence from Vi-Palo Alto's Litigation Committee members and Plaintiffs; preparing letters to the residents of Vi-Palo Alto; communications with opposing counsel; communications with third parties such as the California Department of Social Services; and preparing client update letters. *Id.*

**F. LAW & MOTION**

CPM spent 2,759.6 hours ($1,539,862.50 of the lodestar) preparing pleadings and motions as of June 30, 2022. Murphy Decl. ¶ 25. This case has involved significant motion practice. *Id.* Class Counsel has litigated four motions to dismiss, a motion to strike, a motion for summary judgment, an

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

appeal to the Ninth Circuit, and a motion for class certification and the case required heavy trial preparation leading up to the original trial date. *Id.* Class Counsel also submitted a motion for preliminary approval of a class settlement, which was granted. *Id.*

### G. CASE MANAGEMENT

CPM spent 273.5 hours ($128,765 of the lodestar) on case management as of June 30, 2022. Murphy Decl. ¶ 26. Case management hours include time spent attending case management conferences and preparing case management conference statements. *Id.* Since the inception of this case, there have been fourteen case management conferences. *Id.*

This figure also includes time spent organizing and summarizing key documents, developing chronologies of events, and attending internal meetings related to litigation strategy. Murphy Decl. ¶ 27. In complex, long-running litigation such as this case, staying organized is critical, much of this category of time has been incurred by paralegals. *Id.*

### H. HEARINGS & COURT APPEARANCES

CPM spent 386.7 hours ($249,020 of the lodestar) preparing for and attending hearings and other court appearances as of June 30, 2022. Murphy Decl. ¶ 28. Class Counsel have appeared before the Court in connection with the numerous motions, and before the Ninth Circuit for Plaintiffs' appeal. *Id.*

### I. SETTLEMENT

CPM spent 539.3 hours ($302,072.50 of the lodestar) in connection with settlement efforts as of June 30, 2022. Murphy Decl. ¶ 29. The Settlement Agreement in this case was the product of vigorous, adversarial, and competent representation and substantive negotiations over the course of nearly ten years. *Id.* Before the Complaint (ECF 1) was filed, the parties negotiated in good faith to resolve the disputes. *Id.* On September 12, 2013 the parties attended a full-day, pre-litigation mediation session at JAMS before the Honorable Edward A. Panelli (Ret.) in 2013. *Id.* Unfortunately, the case did not resolve and this action was filed. *Id.* The parties returned for a second mediation session on May 9, 2018 at JAMS before Honorable William Cahill (Ret.). *Id.* Again, the case did not resolve. *Id.* The parties continued to engage in settlement discussions after mediation. *Id.*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

9

Throughout these discussions, the parties kept an open dialogue with each other and exchanged various proposals to resolve their dispute. Murphy Decl. ¶ 30. The settlement discussions included discussions between counsel, as well as discussions between representatives of the residents and senior executives at the Vi. *Id.* These discussions broke off upon grant of Defendants' Motions for Summary Judgment on February 14, 2019. *Id.*

Following the Ninth Circuit's holding that Plaintiffs have Article III standing (ECF 267), and this Court's Order granting class certification (ECF 321), settlement discussions re-started in earnest. Murphy Decl. ¶ 31. The most recent negotiations, which resulted in the Settlement Agreement took place over approximately six months. *Id.* During this time, the parties had numerous telephonic meetings, where representatives of the residents and representatives of the company directly negotiated terms. *Id.* The meetings resulted in a term sheet that included the key substantive points of agreement, including how the Class Restricted Cash Account would be funded, and how annual actuarial projections would be reported and used. *Id.* The amount of attorneys' fees and costs was also directly negotiated during the party-to-party discussions, without direct participation of the firms. *Id.* After the basic terms were agreed to, counsel negotiated a full written agreement. *Id.*

## J.  **SUMMARY OF COSTS**

As of June 30, 2022, CPM spent a total of $374,474.90 in costs necessary to progress the case. Murphy Decl. ¶¶ 32-33; **Exhibit 2**. The summary of costs includes: attorney service ($1,681.25), court costs ($1,465.00), depositions ($46,269.31), document depository ($3,957.38), document productions ($10,775.01), experts and consultants ($230,254.67), Federal Express ($2,651.72), hearing transcripts ($3,015.50), LexisNexis and Westlaw legal research ($21,479.57), messenger and deliveries ($175.50), in-house photocopies ($16,053.40), postage ($376.83), service of process ($7,024.64), special master / arbitration ($10,225.00), special supplies ($296.35), telephone and fax ($805.69), and travel including multiple trips to Chicago for depositions ($18,253.03). *Id.* Class Counsel wrote off $284.95 of these costs. *Id.* Class Counsel has received $366,704.60 for repayment of costs from Plaintiffs, leaving counsel to seek reimbursement for the remaining amount owed, $7,770.30. *Id.*

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

**10**

## V.    FEE AND COST REQUEST

Class Counsel respectfully asks this Court to award $1,000,000 in attorneys' fees and costs (the "Fee and Cost Request"), which includes reimbursement of $7,770.30 in expenses and the remaining $1,794,538.21 for fees ($1,802,308.51 - $7,770.30).

CPM's lodestar is $4,223,655, and CPM has been paid $757,308.51 in attorneys' fees for its work in this litigation. *See* Murphy Decl., Exhibit 1. Thus, CPM has not been compensated for $3,466,346.49 of its lodestar. The $1,000,000 Fee and Cost Request when added to the amount paid to date constitutes 42.7% of the lodestar ($1,802,308.51 / $4,223,655). As for costs, CPM has spent $20,533.90 on taxable expenses and $354,225.95 on non-taxable expenses, totaling $374,474.90. Murphy Decl., Exhibit 2. Plaintiffs have paid $366,704.60 of those costs, leaving $7,770.30 outstanding. Considering the unique circumstances of this Settlement described *supra*, a $1,000,000 Fee and Cost Request for a total fee of $1,802,308.51 is imminently reasonable.

## VI.    LEGAL STANDARDS

Rule 23(h) of the Federal Rules of Civil Procedure provides that, in a certified class action, "the court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement." Like all provisions in a class action settlement, attorneys' fees awards must be "fundamentally fair, adequate and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003) (citing Fed. R. Civ. P. 23(e)). The district court has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating the fee award. *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002).

The lodestar method is primarily used in cases, such as this one, involving a statutory fee-shifting provision or where the relief sought is injunctive in nature and thus not easily monetized. *See, e.g.*, *Hanlon*, 150 F.3d at 1029; *In re Gen. Motors Corp.*, 55 F.3d at 821 (emphasis added). "[T]o calculate the 'lodestar' amount, [the court] multipl[ies] the number of hours reasonably expended by the attorney(s) on the litigation by a reasonable hourly rate, raising or lowering the lodestar according to the factors identified by this circuit." *Gerwen v. Guarantee Mutual Life Co.*, 214 F.3d 1041, 1045

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**                                                                    **11**

(9th Cir. 2000). It is "well established that time spent in preparing fee applications" also is compensable. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013).

The Supreme Court has articulated eleven factors relevant in calculating the lodestar figure: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the undesirability of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). For the hourly rate, the Ninth Circuit instructs district courts to use "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1985). "District courts have the discretion to compensate plaintiff's attorneys for a delay in payment by . . . applying the attorneys' current rates to all hours billed during the course of the litigation . . . ." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir. 2007).

Further, "[i]t is well established that an attorney who accepts a reduced rate from a client is not precluded from seeking a reasonable hourly rate pursuant to the lodestar method." *See Pasternack v. McCullough*, 65 Cal. App. 5th 1050, 1055 (2021), *reh'g denied* (June 25, 2021), *review denied* (Sept. 15, 2021). "The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." *Id.* (internal citations and quotations omitted). A trial court has discretion to award an hourly rate under the lodestar method that exceeds the rate that was actually incurred or paid. *Id.* The trial court has wide discretion to consider the prevailing party's fee agreement in awarding attorney fees. *Id.*

/././

/././

/././

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD**                                                                 **12**

## VII.   <u>ARGUMENT</u>

### A.   <u>CLASS COUNSEL ARE ENTITLED TO RECOVERY OF ATTORNEYS' FEES AND COSTS</u>

Under Federal Rules of Civil Procedure 23 (h), "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." The Elder Abuse Act's section 15657.5, subdivision (a), provides for an award of attorney fees. The Court also considers the anticipated class recovery under the settlement, the potential class recovery if plaintiffs had fully prevailed on each of their claims, and an explanation of the factors bearing on the amount of the compromise. *See* Ninth Circuit Procedural Guidance for Class Action Settlement, Section 1, Subsection c.

*First*, the Elder Abuse Act provides a statutory basis for the Court to award attorneys' fees. Plaintiffs allege that Defendants engaged in financial abuse of elders under California Welfare & Institutions Code § 15610.30, which prohibits, among other things, taking money from senior citizens for a wrongful use. *See* ECF No. 279 ¶¶ 117–27. Because the Class is certified [ECF 321], the Court may award reasonable attorneys' fees and nontaxable costs authorized by law. *See* FRCP 23(h).

*Second*, the Settlement Agreement between Plaintiffs and Defendants, CC-PA, CRMLP, and CC-DG provides that CC-Palo Alto agrees to pay Plaintiffs' counsel, Cotchett, Pitre & McCarthy LLP, $1,000,000, on account of legal fees and costs actually incurred and owed by the Plaintiffs to such counsel in this Action. *See* FRCP 23(h). The Court may award attorneys' fees on this basis.

*Third*, although this case is not a "common fund" case from which the Court would award attorneys' fees, there is a quantifiable estimate of funds that would constitute a refund reserve. It is estimated that if the Class Restricted Cash Account provided for in the Settlement Agreement had been funded as of January 1, 2022, approximately **<u>$23,623,040</u>** would have been restricted. *See* ECF 331 at Muszynski Decl. ¶ 7. This dwarfs the total fees of $1,802,308.51. Under this scenario, Class Counsel expect over time that many multiples the estimate amount will flow to the Class Restricted Cash Account as the Class Restricted Cash Account is replenished.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD

13

B. **THIS COURT SHOULD GRANT THE FEE AND COST REQUEST BECAUSE IT IS REASONABLE**

### 1. <u>Class Counsel Achieved Exceptional Results for the Class</u>

Class Counsel achieved exceptional results for the Class because the results of the settlement achieve the goals of the lawsuit: to provide a reserve fund for CC-PA to repay Settlement Class Members' entrance fees as they become due. This settlement provides substantial and immediate relief to Settlement Class Members who have, for years, lived in the precarious position of having to choose whether to remain at the Vi at Palo Alto in a state of financial insecurity or relocate at an advanced age. The Settlement Agreement is the product of vigorous, adversarial, and competent representation of the parties and substantive negotiations over the course of nearly ten years. Class Counsel exercised due diligence to confirm the adequacy, reasonableness, and fairness of the Settlement. Negotiations regarding the Settlement have been conducted at arm's length, in good faith, and free of any collusion. After the course of several months, Plaintiffs and Defendants diligently negotiated and drafted a formal Settlement Agreement for which the parties will seek final approval from the Court.

The Settlement benefits include, *inter alia*, preparation of an actuarial projections report, establishment of a Class Restricted Cash Account, audited consolidated financial statements of CC-Palo Alto and Subsidiary, and a report of the status of the Class Restricted Cash Account—all subject to the terms of the negotiated Settlement Agreement. *See* ECF 331 at Murphy Decl., ¶ 5, Ex. A. The results are exceptional because Class Counsel pursued this case for over ten years, including a successful appeal to the Ninth Circuit and the case involved complex, unique issues. The Settlement will get substantial relief into the hands of the Settlement Class in the near future if final approval is granted.

### 2. <u>Complexity of the Case and Risks of Litigation</u>

Class Counsel committed significant time, money, and energy to prosecution of this case. The parties have litigated four motions to dismiss, a motion to strike, a motion for summary judgment, an appeal to the Ninth Circuit, and a motion for class certification. Plaintiffs filed four complaints.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

1    Plaintiffs have diligently developed the factual and legal claims in this case by conducting discovery,

2    outlined above, that has established, *inter alia*: (a) facts relevant to CC-PA's failure to maintain a

3    refund reserve; (b) facts showing that CC-PA breached its obligation under Section 1793(f) to

4    disclose the lack of reserves in all marketing materials and continuing care contracts; and (c) facts

5    showing that Defendants entered into a conspiracy in furtherance of the alleged legal violations and

6    that each Defendant aided and abetted the others in the acts alleged.

7        The parties have completed fact discovery, expert discovery, and class-certification discovery.

8    Murphy Decl. ¶ 21. In the course of discovery, Plaintiffs' counsel has reviewed nearly 40,000 pages

9    of documents produced by Defendants; deposed six percipient fact witnesses, eight corporate

10   designees, and five experts; and produced reports from multiple experts. *Id*. Additionally, Plaintiffs

11   faced increased risk of litigation after reviving their case on appeal. *See Vizcaino v. Microsoft Corp.*,

12   290 F.3d 1043, 1050 (9th Cir. 2002) (case was "extremely risky" for class counsel where counsel

13   "succeeded in reviving their case on appeal"); *In re Pac. Enter. Sec. Litig.*, 47 F.3d 373, 379 (9th Cir.

14   1995); *see also Babchick v. Wash. Metro Area Transit Comm'n*, 805 F.2d 396, 408 (D.C. Cir. 1986)

15   (considering counsel's repeated successes in overturning adverse determinations).

16       CPM has committed substantial time and money to this litigation despite the risk of non-

17   payment of its reasonable fee rates. Murphy Decl. ¶ 15. CPM made a number of concessions over the

18   years, going beyond the original reduced fee agreement, including steep reductions on monthly

19   payments and suspending bills from February 2019 through May 2020 (during the appeal) and also

20   when it appeared (more recently) that the case would settle. *Id.* Along the way CPM took other steps

21   to keep bills low. *Id.* CPM regularly wrote off significant portions of the bills to keep the burden on

22   residents as light as possible. *Id.* CPM took on significant risk that we would not be fully

23   compensated. *Id.* CPM has litigated this case since 2014 and has received only $757,308.51 in fees

24   and $366,704.60 in costs. Murphy Decl. ¶¶ 13, 33. This further supports the reasonableness of the

25   Fee and Cost Request. The Fee and Cost Request is reasonable in light of the complexity of the case

26   and risks of litigation.

27   /././

28

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;**
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;**
**Case No. 5:14-cv-00750-EJD**

15

### 3. <u>Performance, Special Skill, and Experience of Counsel</u>

In making its lodestar calculation, the district court should take into consideration various factors of reasonableness, including the quality of an attorney's performance, the results obtained, the novelty and complexity of a case, and the special skill and experience of counsel. *See Perdue*, 559 U.S. at 553-54; *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 n.11 (9th Cir. 2013).

The Fee and Cost Request is justified because Class Counsel pursued this litigation professionally and efficiently despite nearly eight years of litigating the case and numerous attempts to settle the case. *See* Section IV, Subsection I above; *see also* ECF 331 at Section III, Subsection A. Since the inception of this action, Cotchett, Pitre & McCarthy, LLP has ably identified, and vigorously pursued the Class's claims. CPM's efforts to advance this case for its clients, constituting 8,546.8 hours of advocacy for its clients will result in immediate relief to Settlement Class Members.

CPM is experienced in handling complex litigation and has a long history of successful class action results. In addition to this case, CPM has served as lead and/or trial counsel in numerous notable federal and state consumer class actions, including: *Pennington et al. v. Tetra Tech et al.*, (N.D. Cal. Case No. 3:18-cv-05330-JD); *In Re: Robinhood Outage Litigation*, (N.D. Cal. Master File No. 3:20-cv-01626-JD); *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (C.D. Cal., Case No. 8:10MD2151 JVS (FMOx), MDL 2151); *In re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation* (N.D. Cal., Case No. M:05-CV-01699-CRB, MDL 1699); *Curry, et al. Fairbanks Capital Corp.* (D. Mass., Case No. 03-10895-DPW); *In re: Ocwen Federal Bank FSB Mortgage Servicing Litigation* (N.D. Ill., MDL No. 1604); (*In re: Natural Gas Anti-Trust Cases I, II, III, IV, and V* (Price Indexing Cases) (San Diego Superior Court, JCCP Nos. 4221, 4224, 4226, and 4228); *Old Republic Litigation* (San Francisco Superior Court No. 993507); *In re: Household Litigation* (N.D. Cal., Case No. C-02-1240 CW); *In re: AXA Wage and Hour Litigation* (N.D. Cal., Case No. C-06-4291 JSW); and *In re: Wachovia Wage and Hour Litigation* (C.D. Cal., MDL No. 07-1807 DOC).

CPM is highly experienced and well-regarded in many areas of complex litigation, and is comprised of excellent attorneys and staff, including lead Class Counsel, Anne Marie Murphy. *See*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD**

**16**

Murphy Decl. ¶¶ 5-7. Anne Marie Murphy has practiced extensively in the area of elder abuse, handling many notable elder law cases. *Id.* Ms. Murphy regularly represents elders, and has tried multiple elder law cases to verdict. *Id.* at ¶ 5. Ms. Murphy is the President of the Board of Directors of California Advocates for Nursing Home Reform (a legal aid organization for seniors), and she regularly lectures on elder law topics including (for several recent years) on CCRC law. *Id.*

During the class certification stage, the Court already held that Class Counsel will fairly and adequately represent the Class, considering "counsel's work 'in identifying or investigating potential claims in this action,' 'experience in handling class actions,' 'knowledge of the applicable law,' and 'the resources that counsel will commit to representing the class.'" Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv); *In re Twitter Inc. Sec. Litig.,* 326 F.R.D. 619, 628 (N.D. Cal. 2018); *see also* ECF 321 at 6:1-6.

More recently, this Court noted that this settlement is the product of "perseverance" of the parties, and that:

> …[G]ood lawyers are so important in litigation….[I]t takes mature and intelligent counsel to be able to put their wisdom together to talk to their clients and communicate that to their clients in a way that achieves success for both sides. And you've done that.

*See* Preliminary Approval of Settlement Hearing Transcript, April 18, 2022, p. 4, 6. Thus, the Fee and Cost Request is reasonable in light of the counsel's performance.

### 4.   The Nature and Length of the Professional Relationship with the Client

CPM's relationship with Plaintiffs began in July 2012, at initial intake of the potential case. Murphy Decl. ¶ 9. Anne Marie Murphy has spearheaded Plaintiffs' case from intake of the case to present. *Id.* at ¶ 6. For ten years, CPM has professionally and congenially developed its relationship with Plaintiffs by keeping them abreast of any settlement discussions, providing litigation updates, and visiting the Vi at Palo Alto on several occasions. *See Id.* ¶ 11. The Fee and Cost Request is reasonable in light of the nature and length CPM's professional relationship with its clients. *See Vizcaino v. Microsoft Corp.,* 290 F.3d 1043, 1050 (9th Cir. 2002) (concluding the burden of counsel's representation of a class over an eleven-year period was relevant circumstance for purposes of fee calculation); *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (noting that litigation lasted more than thirteen years).

/./.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD**

17

**5.   CPM's Rates Have Been Approved As Reasonable in this District**

Over the decade that this matter has been pending many attorneys, paralegals, and clerks have worked on the case, including in leadership roles. Murphy Decl. ¶ 6. Early in the litigation Niall P. McCarthy and Anne Marie Murphy co-lead the case. *Id.* Joseph W. Cotchett has also worked on the case. *Id.* In recent years, Sarvenaz J. Fahimi, a partner at CPM has assisted with the case. *Id.* Ms. Murphy's regular hourly rate is $750. *Id.* at ¶ 5. Ms. Fahimi's regular hourly rate for the time during which she performed work on this case was $600. *Id.* at ¶ 6. Other rates for people who worked on the case as attorneys were: Kevin J. Boutin ($425), Veena Bhatia ($425), and Mallory Barr ($425). *Id.*

Paralegals William Costelli, Chloe Lau, and Jennifer Bloch, paralegals at the firm performed investigatory and other work related to this matter. *Id.* at ¶ 7. Their rates during the relevant time period ranged from $225 to $325 per hour, commensurate with their level of experience. *Id.*

CPM's rates have been approved as reasonable in this district. *See, e.g., In re Apple Inc. Device Performance Litig.,* No. 5:18-MD-02827-EJD, 2021 WL 1022866, at *8 (N.D. Cal. Mar. 17, 2021) (finding CPM's rates to be "consistent with the rates that have been awarded in this District"). Murphy Decl. ¶ 8.

Class Counsel's Fee and Cost Request is supported by comparing the request to the lodestar. CPM's lodestar is $4,223,655, and CPM has been paid $757,308.51 in attorneys' fees for its work in this litigation. *See* Murphy Decl., Exhibit 1. Thus, CPM has not been compensated for $3,466,346.49 of its lodestar. Additionally, CPM will receive total payment for combined fees and costs of approximately $1,802,308.51, still less than 50% of the lodestar. Given these circumstances, Plaintiffs' Fee and Cost Request is reasonable.

**C.   THIS COURT SHOULD GRANT THE COST REQUEST BECAUSE IT IS REASONABLE**

A prevailing party is entitled to reimbursement of their taxable costs, including costs related to court filing fees, transcripts, and copies. Fed. R. Civ. Proc. 54(d)(1); 28 U.S.C. § 1920. CPM has spent $20,533.90 on taxable expenses and $354,225.95 on non-taxable expenses, totaling

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;
Case No. 5:14-cv-00750-EJD**                                                                 **18**

$374,474.90. Murphy Decl., Exhibit 2. Plaintiffs have paid $366,704.60 of that total. Class Counsel requests payment of combined fees and costs in the amount of $1,000,000. Considering that Plaintiffs' Fee and Cost request represents merely a *fraction* of the lodestar; Class Counsel has provided Plaintiffs considerable discounted rates; Class Counsel wrote off considerable time; Class Counsel made concessions that it would pause billing for long periods of time; Class Counsel spent considerable time on this fee motion; Class Counsel expects to spend considerable time up until final approval of this settlement, and there remains $7,770.30 of costs outstanding—a $1,000,000 Fee and Cost Request is reasonable. Murphy Decl. ¶¶ 15-17, 32-33.

## VIII.   CONCLUSION

For the foregoing reasons, Class Counsel respectfully asks this Court to grant the Fee and Cost Request and award $1,000,000 in additional attorneys' fees and costs, as provided by the Settlement Agreement.

Dated: July 12, 2022                    **COTCHETT, PITRE & MCCARTHY LLP**

By */s/ Anne Marie Murphy*
ANNE MARIE MURPHY
*Attorney for Plaintiffs and Settlement Class Members*

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on July 12, 2022, I authorized the electronic filing of the foregoing with

3   the Clerk of the Court using the CM/ECF system which will send notification of such filing to all

4   parties registered with the Court's CM/ECF system.  I certify under penalty of perjury under the

5   laws of the United States of America that the foregoing is true and correct.

6   Dated:  July 12, 2022                    **COTCHETT, PITRE & McCARTHY LLP**

7
                                       By:      /s/ Anne Marie Murphy
8                                               ANNE MARIE MURPHY
                                                *Attorney for Plaintiffs and Settlement Class*
9                                               *Members*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28